THIS ORDER IS
A PRECEDENT
OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

October 31, 2018

Opposition No. 91225271

*Asustek Computer Incorporation*

*v.*

*Chengdu Westhouse Interactive
Entertainment Co., Ltd.*

**M. Catherine Faint, Interlocutory Attorney:**

Opposer has filed a motion for reconsideration of the Board's order denying Opposer's earlier motion to compel discovery responses as untimely because that motion was filed on the day of the deadline for Opposer's pretrial disclosures, and not before that day as required by the applicable Rule.

The premise underlying a motion for reconsideration is that based on the facts then before it and the prevailing authorities, the Board erred in the decision it issued. *See Guess? IP Holder L.P. v. Knowluxe LLC,* 116 USPQ2d 2018, 2019 (TTAB 2015); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 518 (2018).

A motion for reconsideration of an order must be filed within one month from the date of the order. Trademark Rule 2.127(b), 37 C.F.R. § 2.127(b). Inasmuch as

Opposer's motion for reconsideration was filed within one month of the January 16, 2018 order, Opposer's request for reconsideration is timely.

As previously reset, the deadline for Opposer's pretrial disclosures fell on Monday, September 25, 2017; therefore, under Trademark Rule 2.120(f)(1), 37 C.F.R. § 2.120(f)(1), the last date to file a motion was "before the day of" that date. Opposer filed its motion to compel on Monday, September 25, 2017, and argues that it made a "reasonable interpretation that [Trademark Rule 2.196,] 37 CFR § 2.196, allowing parties until the next business day if a deadline falls on a Saturday, Sunday or Federal holiday, applied to Opposer's circumstances."[1]

Trademark Rule 2.196 provides that when the day or last day as fixed by statute or regulation falls on a Saturday, Sunday or Federal holiday within the District of Columbia, the action may be taken on the next succeeding day that is not a Saturday, Sunday or Federal holiday. However, this Rule does not apply to the relevant provision of Trademark Rule 2.120(f)(1), which does not fix a particular day by which a motion to compel must be filed, but instead ensures that the motion be filed before the day another event (pretrial disclosures) occurs. *Cf. Estudi Moline Dissey, S.L. v. BioUrn Inc.*, 123 USPQ2d 1268 (TTAB 2017) (holding Rule 2.196 does not apply to requirement that discovery be served early enough so responses will be due no later than close of discovery).

Trademark Rule 2.120(f)(1), 37 C.F.R. § 2.120(f)(1) amended effective January 14, 2017, states that "[a] motion to compel discovery must be filed before the day of the

---

[1] 35 TTABVUE 3.

deadline for pretrial disclosures for the first testimony period as originally set or as reset." "Before the day of the deadline for pretrial disclosures" means that the motion to compel must be filed sometime prior to the day pretrial disclosures are due. *See* MISCELLANEOUS CHANGES TO TRADEMARK TRIAL AND APPEAL BOARD RULES; CLARIFICATION, 82 Fed. Reg. 33804, 33804 (July 21, 2017) (*Clarification*). The inapplicability of Rule 2.196 remains similar to practice under the pre-amendment Rule.[2] *Cf. KID-Systeme GmBH v. Türk Hava Yollari Teknik Anonim Sirketi*, 125 USPQ2d 1415, 1416 (TTAB 2018)(pre-amendment Rule for filing summary judgment required filing "prior to commencement" of first testimony period). As explained in the Notice of Proposed Rulemaking regarding this amended Rule, the timing ensures that discovery disputes have been resolved prior to trial, and avoids the expense and uncertainty that arise when discovery disputes erupt on the eve of trial. MISCELLANEOUS CHANGES TO TRADEMARK TRIAL AND APPEAL BOARD RULES OF PRACTICE, 81 Fed. Reg. 19296, 19298 (Apr. 4, 2016). The deadline for pretrial disclosures is the opening of the trial phase of the proceeding. *See KID-Systeme,* 125 USPQ2d at 1416 n.3 (deadline for first pretrial disclosure signals commencement of trial portion of proceeding).

---

[2] Trademark Rule 2.196 has never applied to the timeliness of a party's service and filing of a motion to compel because "it is not applicable when the opening of an assigned period … falls on a Saturday, Sunday or Federal Holiday." TBMP § 112 (2018). Under former Trademark Rule 2.120(e)(1), motions to compel must have been filed prior to the commencement of the first testimony period. "Prior to" meant any time before the opening day of trial, i.e., before the first day of plaintiff's testimony period. *See Blansett Pharmacal Co. v. Carmrick Labs., Inc.*, 25 USPQ2d 1473, 1476 (TTAB 1992) (noting former rule required timely filing prior to commencement of testimony period).

In short, Trademark Rule 2.120(f)(1) requires that a motion to compel be filed before the day of the deadline for plaintiff to file and serve pretrial disclosures. As Opposer's motion to compel was filed and served on September 25, 2017, the due date for Opposer's pretrial disclosures, it was not served "before" the date set for pretrial disclosures and is untimely.

Opposer argues that the Board should apply the flexible approach for cases that arise during transition to the Board's new rules as was done in cases such as *KID-Systeme* where the Board allowed consideration of an otherwise untimely motion for summary judgment filed on the deadline for pretrial disclosures, rather than before that date.[3] However, that case can be distinguished as the motion for summary judgment was filed prior to the Board's July 21, 2017 *Clarification* of the rule. *KID-Systeme*, 125 USPQ2d at 1416 (noting motion at issue in that case was filed June 29, 2017). In this case, Opposer's motion to compel was filed September 25, 2017, two months after *KID-Systeme* and the *Clarification* issued.[4] To the extent flexibility was warranted in *KID-Systeme* because of any perceived ambiguity in the Rule as originally amended, both the decision in that case and the subsequent *Clarification* resolved that ambiguity, putting Opposer and other Board litigants on notice of the proper application of the Rule. When Opposer filed its motion, the amended Rule had

---

[3] Motions for summary judgment, just as motions relating to discovery, must be filed before the proceeding enters the trial phase. Trademark Rule 2.127(e)(1) was clarified in the same way and in the same notice that clarified Trademark Rule 2.120(f)(1).

[4] Opposer was also notified of the Rule in the Board's order of June 26, 2017. *See* 29 TTABVUE 2 ("Motions to compel discovery … must be filed prior to the first pretrial disclosure deadline").

been in place more than eight months, and explicitly required filing before the day of the deadline for pretrial disclosures.

In view of the foregoing, the Board did not err in denying Opposer's motion to compel as untimely. Accordingly, Opposer's motion for reconsideration is **denied**.

**Schedule**

Proceedings are resumed. Dates are reset as set out below. The due date for Opposer's pretrial disclosures has previously opened, and although reset below, the Board will not entertain any further motions to compel discovery or for summary judgment.

| | |
|---|---|
| Plaintiff's Pretrial Disclosures Due | 11/19/2018 |
| Plaintiff's 30-day Trial Period Ends | 1/3/2019 |
| Defendant's Pretrial Disclosures Due | 1/18/2019 |
| Defendant's 30-day Trial Period Ends | 3/4/2019 |
| Plaintiff's Rebuttal Disclosures Due | 3/19/2019 |
| Plaintiff's 15-day Rebuttal Period Ends | 4/18/2019 |
| Plaintiff's Opening Brief Due | 6/17/2019 |
| Defendant's Brief Due | 7/17/2019 |
| Plaintiff's Reply Brief Due | 8/1/2019 |
| Request for Oral Hearing (optional) Due | 8/11/2019 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125, 37 C.F.R. §§ 2.121-.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including

affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). 37 C.F.R. §§ 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).

***